59 F.3d 172
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stephen A. YOUNG, Petitioner-Appellant,
v.
Phillip PARKER, Warden, Respondent-Appellee.
 No. 94-6638.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Stephen A. Young, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The background facts are adequately set forth in the magistrate judge's Findings of Fact, Conclusions of Law and Recommendation and will not be repeated here. Suffice it to say that Young filed the present petition for a writ of habeas corpus challenging his continued incarceration at the Kentucky State Penitentiary.
 
 
 4
 The magistrate judge recommended that the petition be dismissed because Young procedurally defaulted in the state courts on his claims and failed to demonstrate cause and actual prejudice to excuse the procedural default. Upon de novo review of the report and recommendation, in light of Young's objections, the district court adopted the report and recommendation in a judgment entered October 31, 1994.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Young's petition for a writ of habeas corpus. The writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 Where a state prisoner has failed to comply with an independent and adequate state procedural rule and such default causes the petitioner to lose review of his federal claims in state court, the federal courts will not review the merits of those claims unless the petitioner can demonstrate cause and prejudice for failing to comply with the state court rules. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). After the Kentucky Court of Appeals entered an order affirming the Oldham County Circuit Court's order denying the state habeas corpus petition, Young did not file a motion for discretionary review of the Court of Appeals opinion in the Supreme Court of Kentucky. Under Ky.R.Civ.P. 76.02, Young had twenty days following entry of the opinion by the Court of Appeals in which to file his motion for discretionary review. Because Young failed to move for discretionary review, he has no available state court remedy remaining. Consequently, Young has exhausted his available state court remedies.
 
 
 7
 Because Young has no state court remedy left at his disposal with respect to his claim, he must demonstrate cause and prejudice for failing to comply with the state court rules before a federal court may review his claim. Ordinarily, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). The prejudice prong of the test requires the petitioner to show that he has suffered actual and substantial disadvantage as a result of the default. See United States v. Frady, 456 U.S. 152, 170 (1982). The prejudice prong will not be satisfied if there is strong evidence of the petitioner's guilt. Id. at 172. Even absent cause and prejudice, if a prisoner presents an extraordinary case where a constitutional violation resulted in the incarceration of one who is actually innocent, the cause and prejudice requirements can be overlooked and habeas relief granted. Murray, 477 U.S. at 495-96; Olsen v. McFaul, 843 F.2d 918, 932 (6th Cir.1988).
 
 
 8
 Young alleged in his petition that his inability to find an inmate legal assistant during the twenty-day period resulted in his failure to comply with the rule. In his brief on appeal, he alleges that he was improperly advised by prison caseworkers, inmate legal aids, and the Kentucky Department of Public Advocacy, that a motion for discretionary review was not necessary and that he could go directly to federal court. Because there is no constitutional right to legal counsel in collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), poor advice about such proceedings from prison caseworkers, inmate legal aids, or a state-provided legal aid agency will not establish Young's claim of "cause." Moreover, Young has not alleged any external impediment to his ability to file a timely appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991).
 
 
 9
 Additionally, Young has not demonstrated actual prejudice. As noted by the magistrate judge, the Parole Board's final revocation hearing form reveals that Young admitted at the final parole revocation hearing that he technically violated his parole by leaving Ohio without approval. The fact that Young cannot recall why he violated his parole does not establish actual prejudice. Because Young failed to show cause and actual prejudice for his state procedural default, and the innocent man exception does not apply, the district court properly dismissed the habeas petition.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation